UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **HARRY BARR,** | ) | **CASE NO. 1:12 CV 3047** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **TERRY TIBBALS,** | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J**:

This matter is before the Court upon *pro se* Petitioner Harry Barr's Petition for Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2254. Petitioner alleges the state trial court erred in failing to correct his sentencing entry. For the following reasons, Petitioner's Petition for Writ of Habeas Corpus is denied and this action is dismissed.

Petitioner also filed a Motion to Proceed *In Forma Pauperis* (Doc. 2) and Motion for Appointment of Counsel (Doc. 3). Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. 2) is granted. His Motion for Appointment of Counsel (Doc. 3) is denied as moot.

## I. BACKGROUND

Petitioner is a prisoner in state custody at the Marion Correctional Institution in Marion,

Ohio. In May 2006, Petitioner was charged with kidnaping and robbery. Both charges carried a notice of prior conviction and repeat violent offender ("RVO") specification. The matter proceeded to a bench trial in November 2006, after which Petitioner was found guilty of robbery with the notice of prior conviction and RVO specifications attached, and not guilty of kidnaping. *See State v. Barr*, 2008 WL 1972738 at * 1 (Ohio App. 8th Dist. May 8, 2008). On February 1, 2007, the trial court issued a sentencing entry stating, in relevant part, as follows:

> On a former day of court, the Court found the Defendant guilty of robbery 2911.02-F2 with notice prior conviction, repeat violent offender specification 2941.149 as charged in Count(s) 2 of the Indictment. Defendant addresses the Court. The Court considered all required factors of the law. The Court finds that prison is consistent with the purpose of R.C. 2929.11. The Court imposes a prison sentence at the Lorain Correctional Institution of 11 year(s). 3 years on the RVOs to be served prior to and consecutive with 8 years on the base charge, for total of 11 years. Sentence to run consecutive to CR 477447. Post Release Control is part of this prison sentence for 3 years for the above felony(s) under R.C. 2967.28. Jail credit days to date to be calculated by the Sheriff. Defendant advised of appeal rights. Defendant Indigent. Court appoints Kevin M. Cafferkey as appellate counsel.

*See State v. Barr*, Cuyahoga County Ct Cmn. Pl., Case No. CR-06-480727.

Petitioner appealed, raising three assignments of error. In his first assignment of error, Petitioner argued he was denied the effective assistance of counsel in violation of the Ohio and United States Constitutions because counsel allegedly had no strategy for defending him at trial. *See Barr*, 2008 WL 1972738 at * 2. In his second assignment of error, Petitioner argued the trial court was without jurisdiction to conduct a bench trial because the jury waiver was not obtained by the court prior to commencement of trial. *Id.* at * 3. Finally, in his third assignment of error, Petitioner argued his RVO specification was not supported by sufficient evidence and was against the manifest weight of the evidence. *Id.* at * 4. With one judge dissenting, the state

appellate court affirmed Petitioner's conviction and sentence on May 8, 2008. *Id*. at * 5.

Petitioner then appealed to the Ohio Supreme Court, raising the following Proposition of Law: "A trial court lacks jurisdiction to conduct a bench trial when testimony in the trial begins before the defendant has waived his right to a trial by jury." *See State v. Barr*, "Memorandum in Support of Jurisdiction of Appellant Harry Barr," Ohio Supreme Court Case No. 08-1295.[1] The Ohio Supreme Court denied leave to appeal on October 29, 2008. *State v. Barr*, 119 Ohio St.3d 1502 (2008).

On December 15, 2008, Petitioner filed in the state appellate court an application for reopening pursuant to App. R. 26(B), raising the following two assignments of error:

I.  Defendant was Denied his State Constitutional Right to a Grand Jury Indictment. Artical [sic] I, Section 10, and his State and Federal Constitutional Rights to Due Process Fourteenth Amendment United States Constitution and his Fifth Amendment of the United States Constitution and Artical [sic] I, Section 16, Ohio Constitution were Violated when his Indictment Omitted an Essential Element of the Offense for Robbery.

II. Appellant was Denied Effective Assistance of Counsel in Violation of the Sixth and Fourteenth Amendments of the United States Constitution and Artical [sic] I, Section 10, of the Ohio Constitution for Failing to Object to a Defective Indictment. Appellant was Denied Effective Assistance of Appellate Counsel on Direct Appeal for Failure to Identify Error(s) Apparent in the Record Violating Appellant's United States and Ohio Constitutions.

*See State v. Barr*, Eighth District Court of Appeals Case No. 89740. The state appellate court denied Petitioner's application to reopen on January 16, 2009, finding it was untimely under App. R. 26(B)(1) and, further, that Petitioner had failed to demonstrate good cause for the delay.

---

[1] The parties' filings in the Ohio Supreme Court can be accessed on the Ohio Supreme Court's website at http://www.supremecourt.ohio.gov.

*State v. Barr*, 2009 WL 147018 (Ohio App. 8th Dist. Jan. 16, 2009).

Petitioner appealed the denial of his application to reopen to the Ohio Supreme Court, raising the following three Propositions of Law:

I. Appellant was Denied his State Constitutional Right to a Grand Jury Indictment, Artical [sic] I, Section 10, and his State and Federal Constitutional Rights to Due Process were Violated when his Indictment Omitted an Essential Element of the Offense of Robbery.

II. Appellant was Denied Effective Assistance of Counsel in Violation of the Sixth and Fourteenth Amendments of the United States Constitution and Artical [sic] I, Section 10, of the Ohio Constitution for Failing to Object to a Defective Indictment. Appellant was Denied Effective Assistance of Appellate Counsel on Direct Appeal for Failure to Identify Error(s) Apparent in the Record Violating Appellant's United States and Ohio Constitutions.

III. Where Appellant Files an Application for Reopening Pursuant to *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204 and App. R. 26(B) and Presents Clear and Obvious Genuine Issues/Colorable Claim as to Whether he was Deprived of the Effective Assistance of Counsel on Appeal, the Court of Appeals Denial of Such Application Further Deprives Appellant of his Constitutional Right to Effective Assistance as Guaranteed by the United States and Ohio Constitutions.

*See State v. Barr*, "Memorandum in Support of Jurisdiction of Appellant Harry M. Barr," Ohio Supreme Court Case No. 09-0361. The Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question on April 22, 2009. *State v. Barr*, 121 Ohio St.3d 1454 (2009).

On July 13, 2009, Petitioner filed a "Motion for Re-sentencing and to Dismiss Indictment" in the state trial court. *See State v. Barr*, Cuyahoga County Ct Cmn. Pl., Case No. CR-06-480727. The trial court, through Cuyahoga County Court of Common Pleas Judge John D. Sutula, denied Petitioner's Motion on February 10, 2010. *Id.* Petitioner also filed a

Complaint for Writ of Mandamus in the state appellate court, asking that court to order Judge Sutula to re-enter a judgment entry of conviction and sentencing in his underlying criminal action. *State ex rel. Barr v. Sutula*, 2010 WL 880048 at * 1 (Ohio App. 8th Dist. March 9, 2010). Specifically, Petitioner argued that Judge Sutula's sentencing entry failed to comport with the requirements of Ohio Crim. R. 32(C) and Ohio Rev. Code 2505.02 because it did not specify that Petitioner was found guilty "by a bench trial." *Id.* Petitioner argued this alleged defect in Judge Sutula's sentencing entry necessitated re-sentencing and issuance of a new sentencing journal entry. *Id.* On March 9, 2010, the state appellate court dismissed Petitioner's Complaint for Writ of Mandamus, finding Judge Sutula's sentencing entry was "not defective and fully complie[d] with Crim. R. 32(C) and Ohio Rev. Code 2505.02." *Id.*

Petitioner then appealed to the Ohio Supreme Court, raising the following two Propositions of Law:

> I. A trial court's sentencing journal entry is defective if it does not distinguish by what means the court found a defendant guilty, whether by a bench trial or no contest plea.
>
> II. A Crim.R. 12(C)(2) motion to dismiss following a defective sentence entry which fails to constitute a valid final appealable order must be considered as a presentence motion.

*See State ex rel. Barr v. Sutula*, "Merit Brief of Appellant Harry Barr," Ohio Supreme Court Case No. 2010-0606. On July 13, 2010, the Ohio Supreme Court affirmed the dismissal of Petitioner's Complaint for Writ of Mandamus, finding as follows:

> Barr's 2007 sentencing entry constituted a final, appealable order, which fully complied with Crim. R. 32(C) and *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus ("A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the verdict, *or the finding of the court upon which the conviction is based*; (2) the sentence; (3) the signature of the judge; and (4) the entry on the journal by the

clerk of courts" [emphasis added]).

By specifying in the sentencing entry that "the court found the defendant guilty of robbery 2911.02-F2 with notice prior conviction, repeat violent offender specification 2941.149 as charged in Count(s) 2 of the indictment," Judge Sutula sufficiently set forth the findings upon which Barr's bench conviction is based. Crim. R. 32(C). The judge was not required to add language that the court found the defendant guilty of the offenses after a bench trial; that additional language would have been superfluous.

Therefore, the court of appeals correctly held that Barr is not entitled to the requested extraordinary relief in mandamus. [citations omitted].

*State ex rel. Barr v. Sutula*, 126 Ohio St.3d 193 (2010).

On September 7, 2011, Petitioner filed a "Motion for *Nunc Pro Tunc* Entry to Correct Journal Entry" in the state trial court. *See State v. Barr*, Cuyahoga County Ct. Cmn. Pl., Case No. CR-06-480727. The trial court denied Petitioner's Motion on September 23, 2011. *Id.* Thereafter, on October 25, 2011, Petitioner filed another Petition for Writ of Mandamus in the state appellate court, arguing Judge Sutula's February 2007 sentencing entry failed to accurately reflect what occurred during his "verdict hearing." In support of this argument, Petitioner highlighted an alleged discrepancy between Judge Sutula's statements during the "verdict hearing" and the trial court's written sentencing entry. Specifically, Petitioner noted that Judge Sutula stated during the "verdict hearing" that: "In regards to Count 2, robbery * * * in violation of Revised Code Section 2911.02, the Court will find the Defendant guilty." However, in the trial court's February 6, 2007 sentencing entry, the court referenced the level of offense, noting that it "found the defendant guilty of robbery 2911.02- **F2.**" *See State ex rel. Barr v. Sutula*, 2012 WL 426296 at * 1 (Ohio App. 8th Dist. Feb. 6, 2012) (emphasis added).

The state appellate court rejected Petitioner's argument, as follows:

In *State ex rel. Barr v. Sutula*, 8th Dist. No. 94530, 2010-Ohio-926, *aff'd* 126

-6-

> Ohio St.3d 193, 2010-Ohio-3213, 931 N.E.2d 1078, Barr argued that the February 6, 2007 sentencing entry was not a final appealable order. This court and the Supreme Court both held that the sentencing entry *was* a final appealable order.
>
> If a sentencing entry is a final appealable order, the defendant has an adequate remedy by way of appeal to raise claimed sentencing errors. *State ex rel. Cunningham v. Lindeman*, 126 Ohio St.3d 481, 2010-Ohio-4388, 935 N.E.2d 393. *See also State ex rel. Jones v. Ansted*, – Ohio St.3d —, 2012-Ohio-109, — N.E.2d —. Because Barr has or had an adequate remedy by way of appeal to assign any claimed errors, relief in mandamus is not appropriate.

*Id.* (emphasis in original). Petitioner filed a Motion for Reconsideration, which the state appellate court denied. *See State ex rel. Barr v. Sutula, Eighth District Court of Appeals*, Case No. CA-11-097456 (docket).

Petitioner then appealed to the Ohio Supreme Court, raising the following Proposition of Law: "The Eighth Appellate District abused its discretion and committed plain error to the prejudice of Appellant when it granted Appellee's motion to dismiss and denied Appellant's Writ of Mandamus to compel Judge John D. Sutula (appellee) to perform a ministerial duty of causing the record to reflect the truth thereby violating Appellant's Constitutional rights guaranteed by Article I, Seccction 16 of the Ohio Constitution and the 5th and 14th Amendments to the United States Constitution." *See State ex rel. Barr v. Sutula*, "Brief of Appellant Harry M Barr," Ohio Supreme Court Case No. 2012-0498.

On June 26, 2012, the Ohio Supreme Court affirmed the state appellate court, finding that "Barr had an adequate remedy by way of appeal from his sentencing entry to raise his claim of sentencing error." *State ex rel. Barr v. Sutula*, 132 Ohio St.3d 297 (2012).

Petitioner filed the instant Petition for Writ of Habeas Corpus in this Court on December 13, 2012, raising the following four grounds:

      I.       Clerical error/Ministerial mistake

      II.      Interlocutory Judgment/Order

      III.     Crim. R. 32(C) Violation

      IV.     Non-Final Appealable Order

(Doc. 1 at 5-9). With regard to each of these Grounds, Petitioner refers to an attached document entitled "Supporting Facts" to explain the factual and legal basis for his claims. In this "Supporting Facts" Memorandum, Petitioner insists the trial court's February 2007 sentencing entry does not accurately reflect what the court orally stated at his sentencing hearing. He argues that, in denying his second Petition for Writ of Mandamus, the state appellate court mistakenly believed that Petitioner was arguing that the February 2007 sentencing entry violated Ohio Rev. Code § 2945.75. In fact, Petitioner argues he was not relying on that statute but, instead, was simply arguing that "he has a clear legal right to have his proceedings reflect the truth as the record can be made to speak the truth so far as the truth can be made to appear." (Doc. 1 at 16). He asserts that:

> Here, Petitioner relied upon one very simple assertion. That his "verdict hearing" journal entry does not reflect the truth in what the trial court found at Petitioner's "verdict hearing," and Petitioner has firmly "relied upon" only one authority by the Supreme Court of Ohio in *State ex rel. Worcester v. Donnellon*, 49 Ohio St.3d 117, for the proposition that "All courts have a clear legal duty to have their journals reflect the truth. All litigants have a clear legal right to have the proceedings they are involved in correctly journalized."

(Doc. 1 at 18).

Petitioner asks this Court to grant him the following relief: "To have the trial court's verdict hearing journal entry reflect the truth by *nunc pro tunc* entry that the trial court found plaintiff guilty of robbery R.C. 2911.02 and to correct it's sentencing journal entry to reflect

-8-

what the trial court found on a prior day of court in its verdict hearing, or any other relief to which Petitioner may be entitled." (Doc. 1 at 13).

## II. STANDARD OF REVIEW

When a habeas petition is filed, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243.  If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition.  *See Clark v. Waller*, 490 F.3d 551 (6th Cir. 2007) (affirming district court's summary dismissal of habeas petition).

After undertaking the review required by Rule 4, the Court finds that it is evident on the face of the Petition that Petitioner is not entitled to relief.  Therefore, and for the reasons set forth below, the Court summarily dismisses the instant Petition.

## III. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996.  The provisions of the AEDPA apply to habeas corpus petitions filed after that effective date.  *See Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).  Because Barr's Petition was filed on December 13, 2012, well after the AEDPA's effective date, the AEDPA governs this Court's consideration of his Petition.

The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases, and 'to further the principles of comity, finality, and

...
...

federalism.'" *Woodford,* 538 U.S. at 206 (quoting *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). The requirements of the AEDPA "create an independent, high standard to be met before a federal court may issue a writ of habeas corpus to set aside state-court rulings." *Uttecht v. Brown*, 551 U.S. 1, 127 S.Ct. 2218, 2224 (2007) (citations omitted). As the Supreme Court recently explained, the AEDPA's requirements reflect "the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 131 S.Ct. 770, 786 (Jan. 19, 2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

> Section 2254(d) provides:
>
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This is "a 'difficult to meet'. . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (April 4, 2011) (quoting *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011) and *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). The petitioner carries the burden of proof. *Pinholster*, 131 S.Ct. at 1398.

Moreover, state prisoners are entitled to federal habeas relief only when they are in custody due to violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. §

2254(a). A violation of State law or procedure is not cognizable in a federal habeas proceeding unless the violation is of constitutional magnitude. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas court to reexamine state court determinations on state law grounds"); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (stating that "federal habeas corpus relief does not lie for errors of state law"). As the Sixth Circuit has explained, "[t]rial court errors in state procedure and/or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action unless the error renders the proceedings so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004). *See also Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003); *Burger v. Woods*, 2013 WL 613382 at * 2 (6th Cir. Feb. 20, 2013). The Supreme Court has defined "very narrowly the category of infractions that violates 'fundamental unfairness.'" *Bey v. Bagley*, 500 F.3d 514, 522 (6th Cir. 2007) (quoting *Dowling v. U.S.*, 493 U.S. 342 (1990)).

Here, each of Petitioner's four grounds for relief raise alleged violations of state statutes and/or procedural rules relating to the sufficiency of his state court sentencing entry. As discussed above, Petitioner essentially challenges the accuracy of the wording of trial court's sentencing entry and the state courts' refusal to correct the entry to "reflect the truth," as Petitioner sees it. Although the Petition makes fleeting reference to the Fifth and Fourteenth Amendments of the United States Constitution, the Court finds Petitioner's grounds for relief raise inherently state law issues that are not cognizable in habeas absent a demonstration that the state courts' rulings are "so egregious" that they result in a denial of fundamental fairness. *Bugh*, 329 F.3d at 512.

The Court finds Petitioner fails to set forth any allegations suggesting the alleged state court errors herein rise to the level of "fundamental unfairness." The alleged disparity between the trial court's oral statements during his sentencing hearing and his February 2007 sentencing entry do not constitute an egregious violation of Petitioner's constitutional rights. In both instances, the trial court stated Petitioner was guilty of robbery and referenced Ohio Rev. Code § 2911.02. Petitioner fails to set forth any reasoned argument indicating an error of constitutional magnitude with regard to this issue. Indeed, Petitioner himself characterizes the alleged discrepancies in his February 2007 sentencing entry as "clerical" and "ministerial" in nature. (Doc. 1 at 18). Accordingly, the Court finds Petitioner's four grounds for relief are not cognizable under § 2254 as a matter of law.

Moreover, even if the Petition did state a federal due process claim, the Court finds it would be procedurally defaulted. A federal habeas petitioner can procedurally default a claim by "failing to obtain consideration of a claim by a state court, either due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim." *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (quoting *Seymour v. Walker*, 224 F.3d 542, 549-50 (6th Cir. 2000)). When a claim is procedurally defaulted, federal habeas review is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, in affirming the state appellate court's denial of Petitioner's second Petition for

Writ of Mandamus, the Ohio Supreme Court declined to reach the merits of Petitioner's arguments regarding alleged inaccuracies in his February 2007 sentencing entry, finding Petitioner "had an adequate remedy by way of appeal from his sentencing entry to raise his claim of sentencing error." *State ex rel. Barr v. Sutula*, 132 Ohio St.3d 297 (2012). As set forth above, the state trial court issued Petitioner's sentencing entry in February 2007. Petitioner failed to raise this issue on direct appeal to either the state appellate court or the Ohio Supreme Court. He also failed to raise this issue in his Application to Reopen Appeal under App. R. 26(B). Petitioner subsequently filed *pro se* motions for re-sentencing and for *nunc pro tunc* order in the state trial court, both of which were denied.

In light of the above, the Court finds there is no apparent, viable remedy still available to Petitioner to pursue these claims in state court. Given that his sentencing entry was issued six years ago and the alleged errors contained therein should have been immediately apparent to Petitioner, it is highly unlikely he could obtain review through a delayed appeal under Ohio App. R. 5(A). Moreover, as Petitioner's claims are not dependent on evidence *de hors* the record, he could not reasonably avail himself of Ohio's post-conviction remedies as set forth in Ohio Rev. Code § 2953.21. Because it would be futile for Petitioner to return to state court to attempt to pursue his claims through delayed appeal or post-conviction, the Court finds Petitioner's grounds for relief are procedurally defaulted.

The Court may nevertheless excuse the default and consider the claims on the merits if Petitioner demonstrates that (1) there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error, or (2) a fundamental miscarriage of justice would result from a bar on federal habeas review. *See Maupin v. Smith*,

785 F.2d 135, 138 (6th Cir. 1986); *Hutchison v. Bell*, 303 F.3d 720, 735 (6th Cir. 2002). To establish "cause," Petitioner must show "something external to the petitioner, something that cannot fairly be attributed to him[;] . . . some objective factor external to the defense [that] impeded . . . . efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753. *See also Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003). To establish prejudice, a petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995). *See also Ambrose v. Booker*, 684 F.3d 638, 649 (6th Cir. 2012) (finding that "having shown cause, petitioners must show actual prejudice to excuse their default"); *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012) (stating that, to excuse a procedural default, petitioner must show "cause for the noncompliance" and "actual prejudice resulting from the alleged constitutional violation").

The Petition in the instant case does not suggest any factor external to the defense that precluded Petitioner from raising his claims on direct appeal. Petitioner was present at his sentencing hearing, and the sentencing entry appeared on the trial court's docket on February 6, 2007. Any alleged errors in the sentencing entry should have been apparent to Petitioner at the time it was entered. Moreover, Petitioner was represented by counsel on direct appeal. He does not allege that trial counsel was ineffective for failing to raise this issue post-trial, nor did he argue in his Application for Re-opening that appellate counsel were ineffective for failing to raise this issue on direct appeal. Moreover, Petitioner does not set forth any allegations suggesting the alleged sentencing entry errors at issue "worked to his actual and substantial disadvantage." *Perkins*, 58 F.3d at 219. Accordingly, the Court finds Petitioner has failed to demonstrate either cause or prejudice to excuse the default of his habeas claims.

In the absence of cause and prejudice, a petitioner may demonstrate that the failure to consider the claims "will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren*, 440 F.3d at 764. In the instant case, Petitioner cannot overcome the procedural default of his claims on the basis of a fundamental miscarriage of justice because he has not set forth any allegations or argument that he is "actually innocent."

Accordingly, even if the Petition had set forth a viable federal constitutional claim relating to the sentencing entry at issue, the Court finds it would be procedurally defaulted and that Petitioner had failed to allege cause, prejudice, or a "fundamental miscarriage of justice" sufficient to overcome his procedural default.

### V. CONCLUSION

For all the reasons set forth above, the Petition for Writ of Habeas Corpus is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Petitioner's Motion to proceed *in forma pauperis* (Doc. 2) is granted; his Motion for Appointment of Counsel (Doc. 3) is denied as moot. Further, this Court certifies, pursuant to 28 U.S.C. § 1915(a), that an appeal of this action could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

                                                s/ Christopher A. Boyko
                                                CHRISTOPHER A. BOYKO
                                                UNITED STATES DISTRICT JUDGE

DATED: March 14, 2013